AARON VAN BLARCOM, guardian &c.,

*v.*

RACHEL M. VAN WINKLE et al.

After certain specific legacies, a testator directed his executors to keep the residue of his moneys safely invested, and to take charge of and let his two houses, one of them being his homestead, and to keep them insured, and to collect the rents, during the widowhood of his wife. He then gave to his wife for life or widowhood, "for the support of herself and for the support and education of such of my children as are now minors, so long as they shall remain in the family with their mother, the possession and use of my homestead-house," together with the furniture &c. therein; and directed his executors to pay the net rents and interest "to and for the support of my wife so long as she shall remain my widow and unmarried, and for the support and education of my children remaining with her as part of the family, as above mentioned." He then gave the residue of his personal property, on the death or remarriage of his widow, to his two daughters, Jennie and Rachel, and his homestead to Rachel in fee, and his other house to Jennie in fee, and all of his other property to Rachel and Jennie equally. He declared that the provision for his wife was in lieu of her right of dower. He then provided as follows: "I order and direct that my minor children shall, in any event, be supported respectively during their minority out of the said interest and rents to be collected by my executor, as hereinbefore provided." The widow is dead; the executor has settled the estate and ceased to act as trustee, having paid over the estate to the guardian of the minor children. Two of the children are still minors.—*Held,* that the interest and rents of the whole estate, including the homestead, must be appropriated to the support and education of the two infants, or so much thereof as may be necessary for that purpose.

Bill for construction of will. On final hearing on bill and answer.

*Mr. J. H. Rogers,* for complainant.

*Mr. F. Pulver,* for defendants.

THE CHANCELLOR.

Isaac P. Ackerman died in 1877, leaving a widow and five children, three sons and two daughters, Jennie and Rachel. By

Van Blarcom *v.* Van Winkle.

his will he gave $100 to each of his sons, $2,000 and a specific legacy to Jennie, and a similar specific legacy to Rachel. He then made the following provision :

"I direct my executors to keep the residue of my moneys safely invested on bonds secured by mortgages or mortgage upon real estate, and receive and collect the interest thereon, and to take charge of and let and lease my house and lot on Pearl street, in the city of Paterson, and receive and collect the rents thereof, and to keep my houses and buildings on my lots on Pearl street and North Main street properly insured, during the widowhood of my wife. I give, devise and bequeath to my wife, Margaret Catharine, so long as she shall remain my widow, and if she shall [not] marry again, then during her lifetime, for the support of herself and for the support and education of such of my children as are now minors, so long as they shall remain in the family with their mother, the possession and use of my homestead-house and lot and premises, situate on North Main street, in the city of Paterson, and also of all my household and kitchen furniture and goods in and upon the same, and I order and direct my executor, after first paying for insurance and necessary repairs of my houses and buildings and taxes and assessments upon my real estate in Pearl street and North Main street, out of the interest of my moneys invested on bond and mortgage as aforesaid, and the rents of my Pearl street property, to pay the balance of said interest and rents to and for the support of my wife, so long as she shall remain my widow and unmarried, and for the support and education of my children remaining with her as part of the family as above mentioned. On the death or remarriage of my wife (whichever shall first take place) I give and bequeath the rest and residue of my personal property and estate to my two daughters, Jennie and Rachel, equally, and my said homestead house and lot and premises, being the property that I purchased of Albert Terhune, and known as No. 89 North Main street, in the city of Paterson, I give and devise to my daughter Rachel, her heirs and assigns forever, and my said house and lot and premises situate on Pearl street, in said city, and which I purchased of Nicholas P. Ackerman, I give and devise to my daughter Jennie, her heirs and assigns forever. All property that I may own or be or become entitled to, and not hereinbefore bequeathed or devised, I give and bequeath to my daughters Rachel and Jennie, equally, and to their heirs and assigns."

He then declared that the provision made for his wife was in lieu of all her rights, whether of dower or otherwise, in his

NOTE.—Under similar devises, what have been deemed reasonable expenses, *Moore* v. *Moore, 18 Ala. 242;* and the proper time for dividing the estate, *Owens* v. *Pearce, 5 Lea 462;* and see, also, *Hardenburgh* v. *Blair, 3 Stew. Eq. 51, note.*—REP.

estate, and that on her refusal so to accept it, the devises to his daughters should take effect immediately.   He then, by the last clause, provided as follows :

"I order and direct that my minor children shall, in any event, be supported respectively during their minority out of the said interest and rents to be collected by my executor, as hereinbefore provided."

The widow is dead.   The executor has settled the estate.   He has ceased to act as trustee, having turned over the estate to the complainant as guardian of the minor son and the daughters. Of the children, two are still minors, one son, Frederick, and the daughter, Jennie ; the former about eleven years of age and the latter about eight.   The question presented for decision is, whether the whole of the property is bound for the support and education of the minors.   Rachel insists that only the interest of the " moneys " directed to be invested and the rents of the Pearl street property are bound therefor, and consequently that she is now entitled to the absolute enjoyment of the homestead property, and that that property is not subject to any charge or liability for the support or education of the minor children.   Her counsel argues that, inasmuch as by the last clause of the will, the testator directs that the minor children shall be supported out of the " said interest and rents to be collected by the executor, as thereinbefore mentioned," and in the directions in the preceding portions of the will on the subject, no direction is given for the collection of the rent of the homestead, the latter property is not now, the widow being dead, charged with the support of the minors.   But in the former directions the use of the homestead and furniture, together with the interest of the residuary personalty and the rents of the Pearl street property, is given to the widow for her support and the support and education of the minor children.   By that provision an implied trust in favor of the minors is created.   *Perry on Trusts* § *117.*   The widow did not refuse to accept the provision.   The testator intended, by the last clause of the will, to secure the benefit of the trust to the children in any event, and to express his intention that it should not be defeated either by the death or remarriage

of his widow, or her refusal to accept the provision in lieu of her dower.   There is no evidence that he intended by it to limit the extent of the benefit, either as to amount or otherwise.   It is worthy of notice that in that clause he makes no mention of education but only of support, and yet it is not to be supposed that he contemplated securing to the minors support merely in the event of his wife's death, remarriage or refusal to accept. The effect of the clause is to secure to the minors in any event, the benefit of the previous provision which he had made for them.   And that provision included the use of the homestead and furniture.   The rents of the homestead property as well as those of the Pearl street property, and the income of the residuary personal estate, are bound for the support and education of the minors during their minority.   The residuary personal estate amounts to about $3,300; the Pearl street property rents for about $400 a year, and the annual rental value of the homestead is about $350.   The whole income is not very large.   If it would prove that, after providing for the support and education of the minors, in any year, a surplus of income remains which can be distributed without prejudice to the rights of the minors, Rachel's equitable proportion thereof may be paid to her, but not otherwise.   In *Berry* v. *Bryant, 8 Jur.* (*N. S.*) *69,* where a testator gave the residue to his wife for life, to be expended by her for the maintenance of herself and her children, and after her death to be divided among the children, and to be paid to them as they should attain their majority, with right of survivorship, the court refused, in view of the trust for support, to pay over, even with the widow's consent, the share of a child who had become of age, lest thereby the right of the children to support should be prejudiced.   There will be a decree in accordance with the views I have expressed.   If the executor will not act as trustee, or for any other reason a new appointment of a trustee is desirable, it will be made.